UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MAGDA ERIKA GRAHAM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. _____ |
| EL PASO COUNTY, | § § § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW Defendant, EL PASO COUNTY (the "County") and files this Notice of Removal. As grounds for its removal Defendant states the following:

1. The suit being removed is a civil action pending in the 384th Judicial District Court of El Paso County, Texas, styled *Magda Erika Graham, Plaintiff v. El Paso County, Defendant*, Cause No. 2020DCV3516 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, orders, and documents from the State Court Action which have been served upon Defendant are being filed with this Notice of Removal and are attached as **Exhibits A**. A copy of the docketing sheet from the State Court Action is also being filed and is attached as **Exhibit B**.

2. The state court action commenced on October 30, 2020, however El Paso County was never properly served with Citation, Plaintiff's Original Petition and Request for Disclosure under Tex. Local Gov't Code §89.0041(a) and under T.R.C.P. 501.3(c). Tex. Local Gov't Code §89.0041(a) requires the plaintiff to deliver written notice to the county judge **and** to the county attorney if plaintiff files suit against the county, while T.R.C.P 501.3(c) requires that the addressee,

in this case the county judge, sign the return receipt requested. The El Paso County Attorney's Office received Plaintiff's Original Petition and Request for Disclosure on February 23, 2021 from the County Judge's Office and accepts service on behalf of the County. El Paso County is the sole Defendant in this matter and thus no other Defendants have been served. Therefore, this notice of removal is timely filed under 28 U.S.C. § 1446(b), within 30 days of the service on Defendant.

3. Plaintiff's Original Petition alleges federal questions as Plaintiff has alleged violations of her rights under 29 U.S.C. §2611 of the Family & Medical Leave Act ("FMLA") and under 29 U.S.C. §2620 of the FMLA, as amended by the Families First Coronavirus Response Act ("FFCRA"). Additionally, Plaintiff has alleged violation of the FMLA and FFCRA due to retaliation against Plaintiff.

4. As Plaintiff has not alleged causes of action under state law, the United States District Court need not exercise its supplemental jurisdiction under 28 U.S.C. §1441(c).

5. The United States District Court for the Western District of Texas, El Paso Division, is the proper place to file this Notice of Removal because it is the federal judicial district embracing the place where the State Court Action was originally filed and is pending. 28 U.S.C. §§ 1441(a).

6. Defendant, the removing party, will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. 1446(d). Defendant will promptly file a copy of this Notice of Removal with the Clerk of the 243rd Judicial District Court, El Paso County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

7. Plaintiff has not added additional Defendants.

8. Plaintiff did demand a jury in the state-court suit.

**WHEREFORE, PREMISES CONSIDERED,** Defendant EL PASO COUNTY, TEXAS, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove the case styled *Magda Erika Graham, Plaintiff v. El Paso County, Defendant*, Cause No. 2020DCV3516.

        **Respectfully submitted**,

        JO ANNE BERNAL
        El Paso County Attorney
        500 East San Antonio, Room 503
        El Paso, Texas  79901
        Bus:  (915) 546-2050
        Fax:  (915) 546-2133

BY:    */s/ Ruben Duarte*
        **RUBEN DUARTE**
        Assistant County Attorney
        Texas Bar No. 24002017
        Email: RDuarte@epcounty.com

and    */s/ John E. Untereker*
        **John E. Untereker**
        Assistant County Attorney
        Texas Bar No. 24080627
        Email: JUntereker@epcounty.com

        Attorneys for Defendant El Paso County

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was submitted via electronic mail to Enrique Chavez, Jr. at enriquechavezjr@chavezlawpc.com and Michael R. Anderson at manderson@chavezlawpc.com, CHAVEZ LAW FIRM, 2101 Stanton Street, El Paso, Texas 79902, attorneys for the Plaintiff on this the 15th day of March, 2021.

        */s/ Ruben Duarte*
        **RUBEN DUARTE**

# EXHIBIT A

Case 3:21-cv-00066 Document 1 Filed 03/15/21 Page 5 of 19

El Paso County - 384th District Court

Filed 10/30/2020 11:27 AM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV3516

MAGDA ERIKA GRAHAM,
    Plaintiff,

v.                             Cause No.:   3:21-cv-00066

EL PASO COUNTY
    Defendant.

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

Plaintiff, MAGDA ERIKA GRAHAM ("Plaintiff" or "Employee Graham"), now complains of Defendant, EL PASO COUNTY ("Defendant" or "Employer El Paso County"), and respectfully shows the Court and jury as follows:

### I. PARTIES

1. Plaintiff, MAGDA ERIKA GRAHAM, is a natural person residing in El Paso, Texas.

2. Defendant EL PASO COUNTY is an entity upon whom service may be obtained by serving the El Paso County Judge, Ricardo A. Samaniego, 500 E. San Antonio, Rm. 301, El Paso, Texas 79901 or wherever he may be found.

### II. JURISDICTION

3. State courts have jurisdiction over this cause under the Family and Medical Leave Act.

### III. CHRONOLOGY OF FACTS

4. Employers MUST, under the Family and Medical Leave Act, as amended by the Families First Coronavirus Response Act, prevent discrimination against employees who request or take job-protected leave for the care of a family member to protect employees, like all of us, from financial injuries and emotional traumas.

5. Employers MUST, under the Family and Medical Leave Act, provide job-protected leave to employees for the care of a family member to protect employees, like all of us, from financial injuries and emotional trauma.

6.  Employers MUST, under the Family and Medical Leave Act, and as amended by the Families First Coronavirus Response Act, return employees who go on job-protected leave to the same or similar job upon returning from job-protected leave to prevent employees from financial injuries and emotional trauma.

7.  Employers MUST, under the Family and Medical Leave Act, and as amended by the Families First Coronavirus Response Act, prevent retaliation and retaliatory job terminations against employees who take job-protected leave for the care of a family member and protect employees from financial injuries and emotional trauma.

8.  EL PASO COUNTY is an Employer which must abide by the Family and Medical Leave Act, as amended by the Families First Coronavirus Response Act.

9.  Employer El Paso County MUST, under the Family and Medical Leave Act, and as amended by the Families First Coronavirus Response Act, prevent discrimination against employees who take job-protected leave for the care of a family member to protect employees, like all of us, from financial injuries and emotional traumas.

10. Employer El Paso County MUST, under the Family and Medical Leave Act, provide job-protected leave to employees for the care of a family member to protect employees, like all of us, from financial injuries and emotional trauma.

11. Employer El Paso County MUST, under the Family and Medical Leave Act, and as amended by the Families First Coronavirus Response Act, return employees who go on job-protected leave to the same or similar job upon returning from job-protected leave to prevent employees from financial injuries and emotional trauma.

12. Employer El Paso County MUST, under the Family and Medical Leave Act, and as amended by the Families First Coronavirus Response Act, prevent retaliation

retaliatory job terminations against employees who request or take job-protected leave for the care of a family member and protect employees from financial injuries and emotional trauma.

13. In 2016, Employer El Paso County hires an Employee to work in Employer El Paso County's Criminal Justice Coordination department.

14. In or about April 2019, Employer El Paso County receives the Employee's request for FMLA-protected leave for the birth of the Employee's child.

15. On June 14, 2019, Employer El Paso County is aware the Employee begins FMLA-protected leave for the birth of the Employee's child.

16. On September 9, 2019, Employer El Paso County is aware the Employee returns from FMLA-protected leave for the birth of the Employee's child.

17. Instead of returning her to the same position she held before she took FMLA protected leave due to the birth of her child, Employer El Paso County -- KNOWING THAT SHE'S A NEW MOTHER OF A NEW BORN BABY INFANT -- transfers the Employee to a night shift in the El Paso County Jail in retaliation.

18. Then, on October 31, 2019, Employer El Paso County's Supervisor Thomas Lara asks the Employee to resign despite the fact that the Employee has not been written up and is performing well.

19. On October 31, 2019, Employer El Paso County's Supervisor Thomas Lara receives notice that the Employee refuses to resign.

20. Then, in December 2019, Employer El Paso County's Director Scott Lynn demotes the Employee into a specialist position -- which the Employee did not ask for or apply for.

21. In December 2019, Employer El Paso County also reduces the Employee's

22. As a result, the Employee sustains massive economic losses when she loses her house, which she had just purchased as a single mother for her daughter, because of Employer El Paso County's decision to demote and reduce the Employee's pay.

23. In December 2019, Employer El Paso County assigns the Employee to be under Supervisor Jacob Garcia's authority.

24. Employer El Paso County's Supervisor Jacob Garcia refuses to properly train the Employee, and tells her "I don't have to train you."

25. Employer El Paso County's Supervisor Jacob Garcia tells the Employee "I don't want you here."

26. Employer El Paso County's Supervisor Jacob Garcia instructs the Employee to use the Employee's cell phone to text officers as part of her job duties. Supervisor Garcia **then** complains the Employee is using her phone on the job.

27. Employer El Paso County's Supervisor Jacob Garcia overwhelms the Employee with work and refuses to provide help when Supervisor Garcia receives the Employee's requests for assistance.

28. In December 2019, Employer El Paso County's Human Resources department receives the Employee's complaint about Supervisor Garcia's retaliation and harassment against the Employee. However, Employer El Paso County refuses to restore the Employee's pay to what it was prior to Employer El Paso County's choice to demote the Employee.

29. On or about March 23, 2020, Employer El Paso County transfers the Employee to the Justice of the Peace Office.



30. On or about April 7, 2020, Employer El Paso County receives the Employee's request for FMLA-protected leave to care for her daughter, after her daughter's daycare facility closes in response to the COVID-19 pandemic.

31. On May 15, 2020, Employer El Paso County terminates the Employee, in violation of the FMLA and the FFCRA.

32. That Employee is Magda Erika Graham.

## IV. CAUSE OF ACTION

### A. Family & Medical Leave Act, as amended by Families First Coronavirus Response Act

33. Employee Graham was an eligible employee as defined by 29 U.S.C. §2611 of the FMLA because Employee Graham worked for Employer El Paso County for at least 12 months and for at least 1250 hours of service during the previous 12-month period before Employee Graham first took and/or requested FMLA leave.

34. Employee Graham was an eligible employee as defined by 29 U.S.C. §2620 of the FMLA, as amended by the Families First Coronavirus Response Act ("FFCRA"), because Employee Graham worked for Employer El Paso County for at least 30 calendar days before Employee Graham first took and/or requested FMLA leave.

35. Employee Graham was also an "individual" (as distinct from an "eligible employee") entitled to be free from discrimination and retaliation as set out in 29 U.S.C. §2615(a)(2), (b).

36. Employer El Paso County is a "person" under the FMLA.

37. Employer El Paso County violated the FMLA and FFCRA with respect to Employee Graham in the following and other respects:

(a) Employer El Paso County demoted Employee Graham in December 2019, without providing her the leave entitlement and benefits guaranteed by the FMLA and / or FFCRA;

(b) Employer El Paso County willfully interfered with, restrained or denied Employee Graham's exercise or Employee Graham's attempts to exercise her rights provided by the FMLA and FFCRA in and before May 2020;

(c) Employer El Paso County fired Employee Graham on or about May 15, 2020, without providing her the leave entitlement and job-protection benefits guaranteed by the FMLA and FFCRA; and

(d) Employer El Paso County discriminated and or otherwise retaliated against Employee Graham in violation of the FMLA and FFCRA.

### B. Retaliation

38. Employer El Paso County committed an unlawful employment practice against Employee Graham in violation of the FMLA and FFCRA.

## V. DAMAGES

39. Plaintiff seeks statutory damages, back pay, front pay and or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert

witness fees, costs, interest and such other and further legal and equitable relief to which Plaintiff is entitled.

## VI. JURY TRIAL DEMAND

40. Plaintiff requests that this case be decided by a jury as allowed by the Texas Rule of Civil Procedure 216.

## VII. REQUEST FOR DISCLOSURE

41. Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose the information and material described in Rule 194.2(a)-(k).



## VIII. Prayer

42. Plaintiff respectfully prays that she recover from Defendant actual damages over $200,000 but not more than $1,000,000, statutory and punitive damages under the FMLA, reinstatement, prejudgment interest, post-judgment interest, attorney's fees, expert fees, costs and such other and further relief to which she may show to be justly entitled, in law and in equity. Such damages sought by Plaintiff are within the jurisdictional limits of the court.

**SIGNED** on this October 30, 2020.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
(915) 351-7772
(915) 351-7773 facsimile

By: *[signature]*

**Enrique Chavez, Jr.**
enriquechavezjr@chavezlawpc.com
State Bar No.: 24001873
**Michael R. Anderson**
manderson@chavezlawpc.com
State Bar No.: 24087103
*Attorneys for Plaintiff*

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY: *[signature]*
                    Deputy
MAR 1 2 2021



Page 8 of 8

# THE STATE OF TEXAS

FILED
NORMA FAVELA BARCELEAU
DISTRICT CLERK
2020 NOV -2 AM 9:32

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: El Paso County, who may be served with process by serving the El Paso County Judge, Judge Ricardo A. Samaniego, 500 E. San Antonio, Room 301, El Paso, TX 79901.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition And Request For Disclosure** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition was filed in said court on the 30th day of October, 2020, by Attorney at Law ENRIQUE CHAVEZ, Jr. 2101 N. STANTON ST., EL PASO, TX 79902 in this case numbered **2020DCV3516** on the docket of said court, and styled:

**MAGDA ERIKA GRAHAM**
V.
**EL PASO COUNTY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition And Request For Disclosure** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 3rd day of November, 2020.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

By _Nuvia Zepeda_, Deputy
Nuvia Zepeda

ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

| NAME OF PREPARER | | TITLE | |
|---|---|---|---|
| ADDRESS | | | |
| CITY | | STATE | ZIP |

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on this the 3rd day of November, 2020 at 9:32 AM I mailed to:
El Paso County Judge Ricardo A Samaniego
500 E. San Antonio, Room 301, El Paso, TX 79901.
Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition And Request For Disclosure attached thereto.

_Nuvia Zepeda_
Court Clerk, Intermediate

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _Celia Solis_ Deputy
MAR 1 2 2021

## RETURN OF SERVICE

Delivery was completed on _____, delivered to _____

_____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

This forwarding address was provided _____

ARTICLE NO.: 7160-1019-9040-0432-0612

SENT TO: El Paso County Judge Ricardo A Samaniego
500 E San Antonio Room 301 El Paso TX 79901

POSTAGE: $0.37
FEE: $2.30
RETURN RECEIPT FEE: $1.75

DATE SENT: 11/03/2020

SENDER'S NAME: Nuvia Zepeda

THIS ENVELOPE CONTAINS: Plaintiff's Original Petition And Request For Disclosure

El Paso County, Texas

By: _____
Deputy District Clerk

OR

_____
Name of Authorized Person

By: _____

## VERIFICATION BY AUTHORIZED PERSON

State of Texas
County of El Paso

Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day of _____

_____
Notary Public, State of _____
My commission expires _____

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Cry_ ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

1. Article Addressed to:
El Paso County
Judge Ricardo A. Samaniego
500 E. San Antonio, Room 301
El Paso, TX 79901

D. Is delivery address different from Item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

2020DCV3516 / 384th

FILED
NORMA FAVELA BARCELEAU
DISTRICT CLERK
2020 NOV -5 AM 10:55
EL PASO COUNTY, TEXAS
BY _____ DEPUTY

9290 9601 0199 0404 3206 15

2. Article Number (Transfer from service label)
7160 1019 9040 0432 0612

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, (facsimile) July, 2015    Domestic Return Receipt

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy
MAR 1 2 2021



EL PASO TX 798

USPS TRACKING #

9290 9601 0199 0404 320615

**First-Class Mail**
Postage & Fees Paid
USPS
Permit No. G-10

United States Postal Service

• Sender: Please print your name, address, ZIP+4® in this box•

NORMA FAVELA BARCELEAU
DISTRICT CLERK
COUNTY COURTHOUSE RM 103
500 E SAN ANTONIO AVE
EL PASO TX 79901-2436



```
```

## CERTIFIED MAIL RECEIPT

|  |  |
|---|---|
| CAUSE NO.: | 2020DCV3516 |
| ARTICLE NO.: | 7160-1019-9040-0432-0612 |
| SENT TO: | El Paso County |
| POSTAGE: | $0.42 |
| FEE: | $2.70 |
| RETURN RECEIPT FEE: | $2.20 |
| DATE SENT: | 11/03/2020 |
| SENDER'S NAME: | Nuvia Zepeda |
| THIS ENVELOPE CONTAINS: | Original Petition And Request For Disclosure |



# EXHIBIT B

384TH DISTRICT COURT
# CASE SUMMARY
## CASE NO. 2020DCV3516

| | | | |
|---|---|---|---|
| MAGDA ERIKA GRAHAM<br>V.<br>EL PASO COUNTY | §<br>§<br>§<br>§ | Location:<br>Judicial Officer:<br>Filed on: | 384th District Court<br>Garcia, Patrick M.<br>10/30/2020 |

---

### CASE INFORMATION

Case Type: **Wrongful Termination**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number         2020DCV3516<br>Court                     384th District Court<br>Date Assigned     10/30/2020<br>Judicial Officer    Garcia, Patrick M. |

---

### PARTY INFORMATION

*Lead Attorneys*

| | | |
|---|---|---|
| Plaintiff | Graham, Magda Erika | **CHAVEZ, ENRIQUE, Jr.**<br>*Retained*<br>915-351-7772(W) |
| Defendant | El Paso County | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 10/30/2020 | **EVENTS**<br>Original Petition (OCA) | |
| 10/30/2020 | 📄 E-File Event Original Filing<br>*PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE/SP* | |
| 11/03/2020 | **SERVICE**<br>Citation<br>📄 El Paso County<br>Served: 11/04/2020<br>Response Due: 11/30/2020<br>*MAILED OUT / NZ* | |

---

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | Plaintiff Graham, Magda Erika<br>Total Charges<br>Total Payments and Credits<br>**Balance Due as of 3/12/2021** | 416.00<br>416.00<br>0.00 |

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

MAR 1 2 2021

PAGE 1 OF 1                                      *Printed on 03/12/2021 at 2:12 PM*